Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Deven Bishop*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Deven Bishop,<br><br>    Plaintiff,<br>v.<br><br>Trans Union, LLC and Sallie Mae Bank,<br><br>    Defendants. | Case No.:<br><br>**Complaint for damages under the FCRA, 15 U.S.C. § 1681** |

COMPLAINT                                  - 1 -

## Introduction

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Deven Bishop ("Plaintiff"), by counsel, brings this action to challenge the actions of Trans Union, LLC and Sallie Mae Bank (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

7. Any violations by Defendants was knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendant's violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Trans Union and Sallie Mae Bank are each a corporation doing business in the State of Nevada.

14. Sallie Mae Bank is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Trans Union regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. This entity is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

**Trans Union and Sallie Mae Bank**

**Misreported Credit Information**

17. In Plaintiff's credit report from Trans Union dated Aug 19, 2020, Trans Union reported that Sallie Mae Bank conducted an inquiry of Plaintiff's credit even though Plaintiff did not apply for any loan. The inquiry was therefore inaccurate and misleading.

18. On or about Sep 17, 2020, Plaintiff disputed Trans Union's inaccurate reporting on Plaintiff's Trans Union Aug 19, 2020 credit report, including Sallie Mae Bank's inquiry of Plaintiff's credit, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by Sallie Mae Bank.

19. Specifically, Plaintiff sent a letter on Sep 17, 2020, certified, return receipt, to Trans Union, requesting the above inaccurate and incorrect derogatory information be removed.

20. On information and belief, upon receiving that letter, Trans Union timely notified Sallie Mae Bank of Plaintiff's dispute, but Trans Union and Sallie Mae

Bank continued reporting inaccurate information.

21. Trans Union and Sallie Mae Bank were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b), respectively.

22. In or about October, 2020, Plaintiff received notification from Trans Union that Sallie Mae Bank received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

23. A reasonable investigation by Trans Union and Sallie Mae Bank would have indicated that Plaintiff's dispute was valid and that Defendants were reporting inaccurate and misleading information.

24. Trans Union and and Sallie Mae Bank failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

25. Trans Union and Sallie Mae Bank continued to report inaccurate and negative information on Plaintiff's report. Specifically, Trans Union and Sallie Mae Bank continued to report inaccurately Sallie Mae Bank's inquiry of Plaintiff's credit even though Plaintiff did not apply for any loan, which was inaccurate and misleading.

26. Additionally, Sallie Mae Bank violated 15 U.S.C. § 1681b because there was no permissible purpose to pull client's credit.

27. Trans Union and Sallie Mae Bank, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

28. Trans Union and Sallie Mae Bank failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

29. Due to the failure by Trans Union and Sallie Mae Bank to reasonably

investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively, thereby causing continued reporting of inaccurate information in violation of the FCRA.

30. Plaintiff's continued efforts to correct the erroneous and negative reporting by Trans Union and Sallie Mae Bank by communicating Plaintiff's dispute with Trans Union and Sallie Mae Bank were fruitless.

31. Trans Union and Sallie Mae Bank's continuing inaccurate and negative reports were willful because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

32. Also as a result of the continued inaccurate and negative reporting by Trans Union and Sallie Mae Bank, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

33. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Trans Union and Sallie Mae Bank failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### Plaintiff's damages

34. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

# COUNT ONE

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

37. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

38. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

39. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and

- Any other relief that this Court deems just and proper.

## Jury Demand

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 9, 2020.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

 /s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Deven Bishop*